Richard K. Walker (SBN 004159)
**WALKER & PESKIND, PLLC**
SGA Corporate Center
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254
rkw@azlawpartner.com
Phone:  (480) 483-6336
Facsimile:  (480) 483-6337

*Attorneys for Plaintiff Robert Kubicek Architects & Associates, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT KUBICEK ARCHITECTS & ASSOCIATES, INC., an Arizona corporation, | Case No.: 2:11-CV-_____- _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **(COPYRIGHT INFRINGEMENT; RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT; ARIZONA ANTI-RACKETEERING STATUTE; ALTER EGO; DECLARATORY JUDGMENT; INJUNCTIVE RELIEF)** |
| BRUCE C. BOSLEY and JOANNE M. BOSLEY, husband and wife; THE BOSLEY GROUP, INC., an Arizona corporation; and BASHAS' INC., an Arizona Corporation, | |
| Defendants. | **(Jury Trial Demanded)** |

COMES NOW Plaintiff, ROBERT KUBICEK ARCHITECTS & ASSOCIATES, INC., an Arizona corporation (hereinafter "Plaintiff" or "RKAA"), by and through its undersigned counsel, Walker & Peskind, PLLC, and for its Complaint against Defendants BRUCE C. BOSLEY, JOANNE M. BOSLEY, and THE BOSLEY GROUP, INC. (collectively, "the Bosley Defendants"), and against Defendant BASHAS' INC. ("Bashas'"), hereby alleges and states as follows:

Richard K. Walker (SBN 004159)
**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

# I. **NATURE OF THE ACTION**

1.   This action arises out of the willful, and therefore criminal, infringement by Defendants of copyrighted architectural plans and misappropriation of other proprietary materials belonging to Plaintiff in violation of 17 U.S.C. § 506(a), and the Bosley Defendants' fraudulent concealment of their actions from RKAA.

2.   Defendant Bashas' aided and abetted the Bosley Defendants' infringement of RKAA's copyrighted architectural plans and misappropriation of other proprietary materials, knew or should have known of such unlawful conduct, and derived benefit from it without compensating RKAA for the value of that benefit.  Bashas' is, therefore, contributorily and/or vicariously liable for the Bosley Defendants' violations of the Copyright Act, and/or Bashas' is liable in quantum meruit to RKAA for the value of the benefit received as a result of the Bosley Defendants' unlawful use of RKAA's copyrighted plans and other proprietary materials.

3.   Because the Bosley Defendants' infringements of Plaintiff's copyrights were perpetrated continuously on numerous occasions over a period exceeding one year, they also constitute, along with their fraudulent concealment of their misappropriation of RKAA's property,  a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(1) and (5), 18 U.S.C. § 1964(c), and a "pattern of unlawful activity" within the meaning of A.R.S. §§ 13-2301(4) and 13-2314.04(S)(2) and (T)(3), giving rise to Plaintiff's racketeering claims asserted herein.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

2

## II. **JURISDICTION AND VENUE**

4.  Jurisdiction over the federal claims asserted herein lies in this Court by virtue of, and pursuant to, 28 U.S.C §§ 1331, 1338(a), and 2201(a), and pursuant to 18 U.S.C. § 1964(c).

5.  Supplemental jurisdiction over Plaintiff's state law claims asserted herein lies in this Court by virtue of, and pursuant to, 28 U.S.C. § 1367(a).

6.  This Court has personal jurisdiction over the Defendants by virtue of their presence in this judicial district, their having transacted and solicited business in this district, the fact that a substantial portion of the relevant events transpired in this district, and the fact that a substantial part of the property to which the claims in this action pertain is situated in this district.

7.  Venue is proper in this judicial district by virtue of, and pursuant to, 28 U.S.C. § 1391(b) and (c), and pursuant to 28 U.S.C. § 1400(a).

## III. **THE PARTIES**

8.  Plaintiff RKAA is an Arizona corporation that, at all times pertinent, has maintained its principal place of business at 2233 East Thomas Road, Phoenix, Arizona.

9.  Upon information and belief, Defendants Bruce C. Bosley and Joanne M. Bosley are, and at all times pertinent have been, domiciled in the State of Arizona and have resided at 4726 W. Villa Linda Drive, Glendale, Arizona.

10. Upon information and belief, all actions taken by Defendant Bruce C. Bosley alleged herein were taken for the benefit and on behalf of the marital community

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

in which he and Defendant Joanne M. Bosley are, and at all times pertinent have been, marital partners.

11. Defendant The Bosley Group, Inc. ("The Bosley Group"), is an Arizona corporation that, at all times pertinent, maintained its principal place of business at 20212 North Cave Creek Road, No. 142, Phoenix, Arizona.

12. Defendant Bashas' is an Arizona corporation that, at all times pertinent, maintained its principal place of business at 22402 S. Basha Road, Chandler, Arizona.

## IV.  **GENERAL ALLEGATIONS**

### A.  **Mr. Bosley's Tenure With RKAA.**

13. RKAA is, and at all times pertinent has been, a full-service architectural firm that has excelled nationally in the delivery of commercial architecture since 1976. RKAA currently employs approximately 15 professionals in its offices located in Phoenix, Arizona.

14. Defendant Bruce Bosley ("Mr. Bosley") began his employment with RKAA on or about September 23, 1982, when he was hired as a draftsman.

15. During his tenure with RKAA, Mr. Bosley advanced and was given increasing responsibility, ultimately becoming a licensed architect (despite having never earned a degree in architecture), a minority shareholder, and President and a member of the Board of Directors of RKAA.

16. In or about October of 2006, Mr. Bosley entered into discussions with Robert Kubicek and other RKAA shareholders regarding RKAA's acquiring the shares of

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

4

Robert Kubicek ("Mr. Kubicek"), the founder of RKAA and, at all times pertinent, the Chairman of its Board of Directors.

17.    At the time of these discussions, up to and including Mr. Bosley's departure from RKAA in March of 2007, the shares held by Mr. Kubicek comprised 70% of the RKAA shares outstanding, while Mr. Bosley and one other shareholder, Harvey Unti ("Mr. Unti"), each owned shares comprising 15% of the shares outstanding.

18.    One of the principal objectives of the discussions regarding acquisition of Mr. Kubicek's shares in RKAA was to arrive at an agreement whereby Mr. Bosley and Mr. Unti would have together acquired a controlling interest in RKAA.

19.    Various proposals for the acquisition of Mr. Kubicek's shares in RKAA were discussed over a period of several months, but none of them resulted in an agreement on terms for the acquisition.

20.    Ultimately, Mr. Bosley said he had become frustrated with the failure of the parties to reach agreement on the acquisition of Mr. Kubicek's shares in RKAA, and he terminated his employment with the firm by resigning, without any prior notice, on March 14, 2007.

21.    At the time Mr. Bosley terminated his employment relationship with RKAA, however, he remained a member of the firm's Board of Directors and its President.  He continued to hold these positions until a duly noticed special meeting of the Board of Directors was convened on June 18, 2007, at which time Mr. Bosley was removed from his positions as an officer and director of RKAA by a vote of the other members of the Board.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**B.   Mr. Bosley's Involvement With Bashas' Work While At RKAA And Thereafter.**

22.   For a number of years before Mr. Bosley commenced his employment with RKAA in 1982, Bashas' had been a major client of the firm, with Mr. Kubicek serving as the principal architect in charge of the work done by RKAA on Bashas' projects.

23.   The increasing responsibilities assigned to Mr. Bosley once he became established with RKAA included ever greater responsibility for work done on Bashas' projects.

24.   In or about early 1997, Mr. Kubicek asked Mr. Bosley to take over as the architect principally responsible for managing the Bashas' work, relieving Mr. Kubicek to make it possible for him to take on more work for RKAA's other clients.

25.   Mr. Bosley continued in the role of principal architect in charge of work done by RKAA on Bashas' projects right up to the time of his resignation on March 14, 2007.

26.   Within hours of Mr. Bosley's having submitted his resignation, a representative of Bashas' contacted RKAA and stated that Bashas' would thenceforth be giving all of its business to Mr. Bosley's new firm.

27.   Mr. Bosley created and incorporated The Bosley Group and caused its Articles of Incorporation to be filed with the Arizona Corporation Commission ("Corporation Commission") on or about March 27, 2007.

28.   The Articles of Incorporation for The Bosley Group filed with the Corporation Commission listed Mr. Bosley as the company's President, Secretary, and

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

sole director and stated the corporation's purpose as being "to conduct the business of providing architectural services."

29.  Upon information and belief, Mr. Bosley has occupied the positions as The Bosley Group's President, Secretary, and sole director continuously since March of 2007, and the company has never had any other officers or directors.

30.  Within 14 days of Mr. Bosley's resignation, seven other RKAA employees, all of whom had been involved with Bashas' work in their jobs with RKAA and who comprised the majority of the team at RKAA that had worked on Bashas' projects under Mr. Bosley's direction and supervision, had quit their positions and had gone to work for The Bosley Group.

31.  At the time of Mr. Bosley's resignation, RKAA employed approximately 65 people.

32.  Within four weeks of Mr. Bosley's resignation, RKAA's employee complement had been reduced to approximately 50.

33.  Shortly before Mr. Bosley's resignation, he had informed Mr. Kubicek and others at RKAA that there was about $550,000 in Bashas' work that either had already been given to RKAA, or that was anticipated in the very near future, and that considerably more Bashas' work was "in the pipeline."

34.  At the time of Mr. Bosley's departure from RKAA, and for a period of approximately six years prior thereto, the average net profit derived by RKAA from work on Bashas' projects was over 20% of the gross revenues generated by that work.

35.   Upon information and belief, Defendants and/or others working in concert and with their knowledge and encouragement, caused Bashas' to delay the start of architectural design work with RKAA on three new supermarket projects so that The Bosley Group could induce Bashas' to award the work to it and The Bosley Group, not RKAA, would derive the revenues from that work.

36.   After Mr. Bosley's resignation from his employment with RKAA, Bashas' sent no further new work to RKAA, and Bashas' work that would otherwise have been given to RKAA was given to, and performed by, The Bosley Group.

37.   Upon information and belief, Bashas' provided the work resulting in the substantial majority of The Bosley Group's client billings and revenues for the period beginning in late March of 2007 through August of 2009.

38.   But for Mr. Bosley's leaving RKAA, forming The Bosley Group, and inducing Bashas' to award the contracts for the architectural work on its projects to The Bosley Group, all such contracts would have been awarded to RKAA, as had consistently theretofore been the case for many years.

39.   The Bosley Group was paid by Bashas' over $3.3 million under contracts for architectural work done on Bashas' projects between late March of 2007 and August of 2009.

.   .   .   .

8

WALKER & PESKIND, PLLC

Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**C.   Infringement Of RKAA's Copyrighted Works And Misappropriation Of RKAA Proprietary Materials.**

40.   It has been RKAA's policy and practice, since well before Mr. Bosley commenced his employment with the firm, to put copyright notices on all its architectural drawings and plans.

41.   In the absence of a specific, written agreement to the contrary, architectural drawings and plans produced by RKAA, and the intellectual property embodied in them, has remained the exclusive property of RKAA.

42.   The retention of ownership in architectural drawings and plans produced for clients by the architectural firms employed to produce them, absent a written agreement with the client to the contrary, is consistent with established general practice in the architectural field.

43.   At no time did RKAA enter into an agreement with Bashas', pursuant to which any ownership interest in architectural plans and drawings produced by RKAA for Bashas' projects was to be transferred to Bashas'.

44.   During the period of time when Mr. Bosley was the principal architect in charge of the work done by RKAA on Bashas' projects, it was his responsibility to ensure that all plans and drawings produced for those project bore a notice that they were copyrighted by RKAA.

45.   All drawings and plans produced by RKAA for Bashas' projects during the period when Mr. Bosley was the principal architect in charge of that work were inscribed,

with Mr. Bosley's full knowledge, with a notice that such plans and drawings were copyrighted by RKAA.

46.   On several occasions prior to Mr. Bosley's departure from RKAA in March of 2007, he emphatically stated to others in RKAA his belief in, and his strong support for, the importance of RKAA's copyrighting and retaining the exclusive ownership interest in the architectural plans and drawings produced for the firm's clients.

47.   The architectural drawings, elevations, and specifications created by RKAA in the course of providing architectural services in connection with Bashas' projects constitute materials of the type protected by the Architectural Works Copyright Protection Act, Pub.L. No. 101-650, §§ 701-706, 104 Stat. 5089, 5133-34, codified in part at 17 U.S.C. §§ 101, 102(a)(8).

48.   RKAA retained exclusive ownership rights in all copyrighted architectural drawings, elevations, and specifications created in the course of its providing architectural services in connection with various Bashas' projects over the years ("the Copyrighted Works" or "RKAA's Copyrighted Works").  In addition, RKAA retained exclusive ownership rights in certain proprietary materials it had developed, including but not limited to its project files and the General RKAA Master Specifications project specification manual, which provides the template from which most project-specific specification manuals are developed by RKAA for the projects in connection with which it provides architectural services.

49.  Among the Copyrighted Works are those referenced in Copyright Registration No. VAu000705217, entitled "Food City by Bashas' Store #141, El Mirage,

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Arizona," and Copyright Registration No. VAu000705218, entitled "A New Bashas' Market Store #166, Gilbert, Arizona."

50.   None of the Copyrighted Works has ever been assigned or licensed by RKAA to Bashas', or to any other person or entity.

51.   At all times pertinent, Defendants knew or should have known that RKAA retained exclusive ownership rights in the Copyrighted Works, and that no such rights had ever been assigned or licensed to Bashas', or to any other person or entity.

52.   The Bosley Defendants acquired copies of RKAA's Copyrighted Works and other proprietary materials without authorization from RKAA, at or about the time Mr. Bosley left his employment with RKAA.

53.   On numerous occasions between late March of 2007 and August of 2009, the Bosley Defendants infringed RKAA's copyrights in the Copyrighted Works and misappropriated proprietary materials taken from RKAA by unlawfully using, copying, and/or modifying significant portions of such Copyrighted Works and proprietary materials in the course of providing architectural services to Bashas' in competition with RKAA.

54.   Mr. Bosley was aware, or should have been aware, that unauthorized and unlawful use was being made of RKAA's Copyrighted Works and proprietary materials in performing architectural services on Bashas' behalf, and he participated in, directed, condoned, and aided and abetted such unlawful conduct by others in The Bosley Group.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

11

55.   Defendants did not disclose, and actively concealed from RKAA, the fact that they had acquired copies and were making unauthorized and unlawful use of RKAA's Copyrighted Works and proprietary materials.

56.   RKAA remained unaware of the fact that Defendants were making unauthorized and unlawful use of its Copyrighted Works and proprietary materials until Defendants' infringements were uncovered as a result of information obtained by RKAA through public records requests in or about November and December, 2008.

57.   Throughout the period when The Bosley Group performed architectural services pursuant to the aforementioned contracts, Bashas' knew or should have known that the Bosley Defendants were using copyrighted works and proprietary materials belonging to RKAA, and Bashas' benefitted from a financial gain in the form of lower fees for such work than would have been the case but for the Bosley Defendants' unlawful acts.

58.   Upon information and belief, Bashas' intentionally encouraged, or at least did not discourage and took no steps to stop, the Bosley Defendants' unlawful use of RKAA's Copyrighted Works and proprietary materials in their performance of architectural services for Bashas'.

## V.   **JURY DEMAND**

59.   RKAA demands a trial by jury of all claims set forth herein that are so triable.

12

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

# VI.  **CLAIMS FOR RELIEF**

## FIRST CLAIM FOR RELIEF

### (Direct Infringements In Violation Of The United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*)

### (Against All Defendants)

60.   RKAA re-alleges and incorporates paragraphs 1-59 of this Complaint as though fully set forth herein.

61.   Plaintiff is, and at all times pertinent has been, the sole and exclusive owner of the Copyrighted Works and retained all rights in such Copyrighted Works conferred by the federal Copyright Act, 17 U.S.C. § 101, *et seq.*

62.   In providing architectural services under contract to Bashas', the Bosley Defendants knowingly and willfully used, copied, modified, adapted, and/or created derivative works from RKAA's Copyrighted Works for commercial advantage or financial gain, without permission or authorization from RKAA.

63.   The conduct of The Bosley Defendants in making unlawful use of RKAA's Copyrighted Works as hereinbefore alleged constituted direct infringements of the exclusive rights of RKAA as the owner of the Copyrighted Works, including without limitation Plaintiff's rights secured by 17 U.S.C. § 106.

64.   The construction by Bashas' of structures using design and construction drawings provided by the Bosley Defendants that Bashas' knew or should have known infringed RKAA's Copyrighted Works constituted further direct infringements of RKAA's rights in the Copyrighted Works.

13

65.   The actions of the Defendants in willfully infringing RKAA's copyrights as hereinbefore alleged proximately caused Plaintiff to suffer damages in an amount to be proven at trial, but currently estimated to be not less than $900,000.

## SECOND CLAIM FOR RELIEF

### (Contributory Infringement Of Copyrighted Works)

### (Against All Defendants)

66.   RKAA re-alleges and incorporates paragraphs 1-65 of this Complaint as though fully set forth herein.

67.   At all times pertinent, Mr. Bosley was the sole officer and director of The Bosley Group, derived income from the revenues generated by the architectural services provided to Bashas' by The Bosley Group, and had a financial interest in such activities.

68.   At all times pertinent, Mr. Bosley had the power or the ability to supervise and control the activities of The Bosley Group in providing architectural services to Bashas'.

69.   Mr. Bosley knew or should have known of the direct infringements of RKAA's Copyrighted Works by The Bosley Group and Bashas', and he induced, encouraged, condoned, directed, and/or participated in such infringements.

70.   As a result of his role in inducing, encouraging, condoning, directing, and/or participating in infringements of RKAA's copyrights in the Copyrighted Works as hereinbefore alleged, Mr. Bosley is liable for contributory infringement.

71.   The Bosley Group's provision to Bashas' of design and construction drawings that infringed RKAA's copyrights in the Copyrighted Works was intended to,

14

and did, result in the construction of structures that themselves constituted direct infringements of the Copyrighted Works.

72.  By providing design and construction drawings that The Bosley Group knew, or should have known, would and did provide the basis for construction of infringing structures by Bashas', The Bosley Group is liable for contributory infringement.

73.  Bashas' knew, or should have known, of the direct infringements of RKAA's Copyrighted Works by The Bosley Group.

74.  Upon information and belief, Bashas' induced, encouraged, condoned, and aided and abetted the direct infringements of RKAA's Copyrighted Works by The Bosley Group.

75.  By virtue of Bashas' role in inducing, encouraging, condoning, and aiding and abetting the direct infringements of RKAA's Copyrighted Works by The Bosley Group as hereinbefore alleged, Bashas' is liable for contributory infringement.

76.  As a result of their liability for contributory infringement as hereinbefore alleged, all Defendants are jointly and severally liable for all damages suffered by Plaintiff as a consequence of the infringements of the Copyrighted Works.

**THIRD CLAIM FOR RELIEF**

**(Vicarious Liability For Violations Of The Copyright Act)**

**(Against Mr. Bosley And Bashas')**

77.  RKAA re-alleges and incorporates paragraphs 1-76 of this Complaint as though fully set forth herein.

15

78.   At all times pertinent, Mr. Bosley had the power or the ability to supervise and control the activities of The Bosley Group in providing architectural services to Bashas'.

79.   At all times pertinent, Bashas' had the power or the ability to supervise and control the activities of The Bosley Group in providing architectural services pursuant to contracts with Bashas'.

80.   Mr. Bosley and Bashas' profited directly from The Bosley Group's direct infringements of RKAA's Copyrighted Works.

81.   By virtue of his financial interest in the Bashas' work performed by The Bosley Group using design and construction drawings that infringed the copyrights of RKAA, and by virtue of his power or ability to supervise and control the activities of The Bosley Group in providing architectural services in connection with Bashas' projects, Mr. Bosley is vicariously liable for infringements committed by the employees and representatives of The Bosley Group, and for the further infringements by Bashas' through the construction of structures in accordance with infringing design and construction drawings supplied by The Bosley Group.

82.   Because Bashas' knew, or should have known, of the direct infringements of RKAA's Copyrighted Works by the Bosley Defendants, it had the power or ability to supervise and control the activities of the Bosley Defendants in providing architectural services in connection with Bashas' projects, it did nothing to stop such infringements, and it profited from them, Bashas' is vicariously liable for all damages arising from such infringements.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

16

**FOURTH CLAIM FOR RELIEF**

**(Violations Of The Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*)**

**(Against The Bosley Defendants)**

83.   RKAA re-alleges and incorporates paragraphs 1-82 of this Complaint as though fully set forth herein.

84.   The Bosley Defendants' knowing and willful infringements of RKAA's copyrights in the Copyrighted Works constitute criminal copyright infringement prohibited by, and indictable under, 17 U.S.C. §§ 506 and 2319 and, as such, constitute "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).

85.   The Bosley Defendants' knowing and willful infringements of RKAA's copyrights in the Copyrighted Works occurred on numerous occasions between late March of 2007 and August of 2009 and constituted a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

86.   Because the Bosley Defendants knew, or should have known, that RKAA retained exclusive rights to the Copyrighted Works and its proprietary materials, they had a duty to disclose the fact that they had such materials in their possession and to seek a license or other authority from RKAA to use them in providing architectural services for Bashas'.

87.   The Bosley Defendants gained possession of RKAA's Copyrighted Works and proprietary materials surreptitiously and without authorization and sought to prevent

17

Plaintiff from discovering their acquisition and use of the Copyrighted Works and proprietary materials.

88.   The Bosley Defendants' unlawful use and infringement of the Copyrighted Works and other proprietary materials, while failing to disclose and concealing such infringement and use from RKAA, constituted a scheme or artifice to defraud within the meaning of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud).

89.   Upon information and belief, in furtherance of their scheme or artifice to defraud, the Bosley Defendants regularly and routinely sent and/or received materials, including without limitation architectural plans and specifications, statements for services rendered by The Bosley Group, and correspondence related to the rendering of such services, through the United States Postal Service ("USPS") and/or one or more private or commercial interstate carriers.

90.   The Bosley Defendants' employment of the USPS and/or private or commercial interstate carriers in furtherance of their scheme or artifice to defraud constitutes mail fraud proscribed by, and indictable under, 18 U.S.C. § 1341.

91.   Upon information and belief, in furtherance of their scheme or artifice to defraud, the Bosley Defendants regularly and routinely transmitted and/or caused to be transmitted communications and information regarding their work for Bashas' through interstate telecommunications facilities, including without limitation such instrumentalities as telephones, facsimile machines, and the internet.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

92.   The Bosley Defendants' employment of interstate telecommunications facilities in furtherance of their scheme or artifice to defraud is proscribed by, and indictable under, 18 U.S.C. § 1343.

93.   Both mail fraud prohibited by 18 U.S.C. § 1341 and wire fraud prohibited by 18 U.S.C. § 1343 constitute "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).

94.   The Bosley Defendants' regular and routine use of mail and interstate telecommunications facilities in furtherance of their scheme or artifice to defraud constitutes a "pattern of racketeering activity," within the meaning of 18 U.S.C. § 1961(5).

95.   The Bosley Defendants, the individual employees of The Bosley Group, Bashas', and the individual employees of Bashas' involved in the knowing and willful infringement of RKAA's copyrights in the Copyrighted Works, construction of structures based on infringing design and construction drawings and RKAA's proprietary materials, and/or the conduct prohibited by the mail and wire fraud statutes as hereinbefore alleged, constitute an association-in-fact "enterprise" within the meaning of 18 U.S.C. § 1961(4).

96.   The individuals and entities comprising the association-in-fact enterprise described above in Paragraph 95 were, at all times pertinent, engaged in interstate commerce, or in activities that affected interstate commerce.

97.   The Bosley Group constitutes an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

19

98. At all times pertinent, The Bosley Group was engaged in interstate commerce, or in activities that affected interstate commerce.

99. Bashas' constitutes an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

100. At all times pertinent, Bashas' was engaged in interstate commerce, or in activities that affected interstate commerce.

101. The Bosley Defendants used or invested, directly or indirectly, income derived from the racketeering activity hereinbefore alleged for the establishment and operation of the association-in-fact enterprise comprised of the persons and entities described in Paragraph 95 above.  Such use or investment of income derived from racketeering activity violates 18 U.S.C. § 1962(a).

102. Mr. Bosley used or invested, directly or indirectly, income and other financial benefits derived from the racketeering activity hereinbefore alleged in the operation of The Bosley Group.  Such use or investment of income derived from racketeering activity violated 18 U.S.C. § 1962(a).

103. The Bosley Defendants used or invested, directly or indirectly, income and other financial benefits derived from the racketeering activity hereinbefore alleged in the operation of Bashas' by making available for the benefit of Bashas' architectural services at a price substantially less than what the cost of such services would have been absent the Bosley Defendants' racketeering activity.  Such use or investment of income derived from racketeering activity violates 18 U.S.C. § 1962(a).

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

104. Mr. Bosley acquired or maintained, and continues to acquire or maintain, an interest in The Bosley Group through the pattern of racketeering activity hereinbefore alleged. Such acquisition or maintenance of an interest in The Bosley Group violates 18 U.S.C. § 1962(b).

105. Mr. Bosley and individual employees of The Bosley Group involved in the criminal copyright infringements and the scheme or artifice to defraud as hereinbefore alleged, conducted or participated in the conduct, directly or indirectly, of the affairs of The Bosley Group through the pattern of racketeering activities hereinbefore alleged in violation of 18 U.S.C. § 1962(c).

106. Mr. Bosley and individual employees of The Bosley Group involved in the criminal copyright infringements and the scheme or artifice to defraud as hereinbefore alleged, conducted or participated in the conduct, directly or indirectly, of the affairs of the association-in-fact enterprise, comprised of the persons and entities described in Paragraph 95 above, through the pattern of racketeering activities hereinbefore alleged in violation of 18 U.S.C. § 1962(c).

107. Upon information and belief, Mr. Bosley, Bashas', and individual employees of The Bosley Group and Bashas' conspired, between and among themselves, to infringe RKAA's Copyrighted Works in the unlawful manner hereinbefore alleged, and/or for the execution of the scheme or artifice to defraud as hereinbefore alleged, in violation of 18 U.S.C. § 1962(d).

108. RKAA has been injured in its business or property, proximately and by reason of Defendants' violations of 18 U.S.C. § 1962 as hereinbefore alleged, in an

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

amount to be determined at trial, but currently estimated to be not less than $900,000. The injuries suffered by RKAA include, but are not limited to: (1) the loss of revenues and profits Plaintiff would otherwise have realized if the Bashas' work done using RKAA's Copyrighted Works had been done by RKAA; and (2) operational costs incurred by Plaintiff in adjusting to and dealing with the loss of a substantial portion of its workforce, work load, and cash flow to The Bosley Group, an enterprise that could never have competed effectively for the Bashas' work without infringing RKAA's copyrights in the Copyrighted Works and unlawfully using Plaintiff's proprietary materials.

109. Pursuant to 18 U.S.C. § 1964(c), RKAA is entitled to recover threefold the actual and consequential damages it has sustained, plus costs associated with its prosecution of this claim, including attorney's fees.

### FIFTH CLAIM FOR RELIEF

### (Violations Of The Arizona Anti-Racketeering Statute, A.R.S. §§ 13-2301, *et seq.*)

### (Against The Bosley Defendants)

110. RKAA re-alleges and incorporates paragraphs 1-109 of this Complaint as though fully set forth herein.

111. The unauthorized and unlawful use by the Bosley Defendants of RKAA's Copyrighted Works and other proprietary materials (including, but not limited to project files, the General RKAA Master Specifications, and the specifications for Bashas' Market #166, Gilbert, AZ), without disclosing such use to and concealing it from RKAA, constituted a scheme or artifice to defraud within the meaning of A.R.S. §§ 13-2301(D)(4)(xx) and 13-2310(A).

22

112. The combination of Mr. Bosley, Bashas', individual employees of Bashas', individual employees of The Bosley Group, and The Bosley Group itself to infringe RKAA's copyrights in the Copyrighted Works and to engage in fraudulent concealment of the unlawful use of RKAA's Copyrighted Works and proprietary materials as hereinbefore alleged, comprised a criminal syndicate within the meaning of A.R.S. § 13-2301((B)(5) and (7).

113. The involvement of Mr. Bosley, Bashas', individual employees of Bashas', individual employees of The Bosley Group, and The Bosley Group itself in infringing RKAA's copyrights in the Copyrighted Works and engaging in the fraudulent concealment of such unlawful use of RKAA's Copyrighted Works and proprietary materials as hereinbefore alleged constituted participation in and assisting a criminal syndicate within the meaning of A.R.S. §13-2308(A) and (C).

114. The misappropriation of RKAA's Copyrighted Works and other proprietary RKAA materials by the Bosley Defendants constitutes theft, or attempted theft, within the meaning of A.R.S. §§ 13-1802 and 13-2301(D)(4)(v).

115. The Bosley Defendants' actions constituting participating in a scheme or artifice to defraud, participating in and assisting a criminal syndicate, and theft or attempted theft as hereinbefore alleged, constitute "unlawful acts" within the meaning of A.R.S. § 13-2314.04(S)(2).

116. The Bosley Defendants' actions constituting participating in a scheme or artifice to defraud, participating in and assisting a criminal syndicate, and theft or attempted theft as hereinbefore alleged, have been numerous and continued over a period

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

23

exceeding two (2) years. As such, such actions constitute "a pattern of unlawful activity" within the meaning of A.R.S. § 13-2314.04(A), (S)(2), and (T)(3).

117. The Bosley Group and the association-in-fact enterprise comprised of Mr. Bosley, Bashas', individual employees of Bashas', and individual employees of The Bosley Group involved in the unlawful conduct hereinbefore alleged, constitute enterprises within the meaning of A.R.S. §13-2301(D)(2).

118. Through the racketeering activities hereinbefore alleged, along with the proceeds therefrom, Mr. Bosley and Bashas' acquired and maintained, by investment or otherwise, control of the association-in-fact enterprise comprised of Mr. Bosley, Bashas', individual employees of Bashas', individual employees of The Bosley Group, and The Bosley Group itself.  The acquisition and maintenance of control of such enterprise is in violation of A.R.S. § 13-2312(A).

119. By fostering and participating in the unlawful acts hereinbefore alleged, Mr. Bosley participated, directly or indirectly, in the illegal conduct of the affairs of The Bosley Group through unlawful acts in violation of A.R.S. § 13-2312(B).

120. RKAA suffered injury to its business and property as a direct and proximate result of the pattern of unlawful activity engaged in by the Bosley Defendants as hereinbefore alleged.

121. RKAA suffered injury to its business and property as a direct and proximate result of the Bosley Defendants' violations of A.R.S. § 13-2312(A) and (B) as hereinbefore alleged.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

122. The actions of Defendants in infringing RKAA's copyrights in the Copyrighted Works and in engaging in a scheme or artifice to defraud by concealing such unlawful use of RKAA's Copyrighted Works and proprietary materials from RKAA, injured Plaintiff by depriving it of the full benefits of its ownership interest in the Copyrighted Works and proprietary materials, and by depriving RKAA of the competitive advantages it was entitled to enjoy as an incident to exclusive ownership of the copyrights in the Copyrighted Works and exclusive ownership of the proprietary materials. The benefits of which RKAA was thus deprived include, but are not limited to, the right and ability to compete effectively for the Bashas' work and to realize the profits to be derived from continuing to provide architectural services in connection with Bashas' projects, as had historically been the case.

123. RKAA is entitled, by virtue of A.R.S. § 13-2314.04(A) and (D)(4) and (5), to recover treble the amount of its compensatory and consequential damages, an amount to be demonstrated at trial, but currently estimated at not less than $900,000. The injuries suffered by RKAA include, but are not limited to: (1) the loss of revenues and profits the firm would otherwise have realized if the Bashas' work done using RKAA's Copyrighted Works and proprietary materials had been done by RKAA; and (2) operational costs incurred by Plaintiff in adjusting to and dealing with the loss of a substantial portion of its workforce, work load, and cash flow to The Bosley Group, an enterprise that could never have competed effectively for the Bashas' work without infringing RKAA's copyrights in the Copyrighted Works and making unauthorized and unlawful use of RKAA's proprietary materials.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

124. Pursuant to and in compliance with A.R.S. § 13-2314.04(H), RKAA has served, contemporaneously with the filing of this Complaint with this Court, notice to the Attorney General of the State of Arizona of the fact that it is asserting herein claims under A.R.S. §13-2314.04, along with a copy of this Complaint.

### SIXTH CLAIM FOR RELIEF

### (Alter Ego)

### (Against Mr. Bosley)

125. RKAA re-alleges and incorporates paragraphs 1-124 of this Complaint as though fully set forth herein.

126. Mr. Bosley, upon information and belief acting alone, formed The Bosley Group and registered it with the Corporation Commission.

127. At all times pertinent, Mr. Bosley has been The Bosley Group's sole officer and director.

128. Upon information and belief, Mr. Bosley and/or persons appointed by him exercised, at all times pertinent, sole and exclusive control over the business and financial affairs of The Bosley Group.

129. Mr. Bosley was personally involved in, directed, and/or had knowledge of, and condoned, the actions of The Bosley Group and its employees in unlawfully misappropriating RKAA's Copyrighted Works and proprietary information, and in concealing such misappropriations from RKAA.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

130. There is such a unity of interest and ownership of The Bosley Group by Mr. Bosley that the separate identities of Mr. Bosley and the limited liability corporation that was his creature never existed, making The Bosley Group the alter ego of Mr. Bosley.

131. Observance of the corporate form with respect to The Bosley Group would, under the circumstances of this case, sanction a fraud and/or promote injustice.

132. Piercing the corporate veil in this instance is fully justified by the fact that The Bosley Group is the alter ego of Mr. Bosley, and by the fact of his involvement in tortious conduct engaged in by The Bosley Group and its employees.

133. By virtue of the fact that The Bosley Group is the alter ego of Mr. Bosley, he and his marital community are jointly and severally liable for all injuries caused by the unlawful acts of The Bosley Group alleged herein.

### SEVENTH CLAIM FOR RELIEF

### (Declaratory And Injunctive Relief)

### (Against All Defendants)

134. RKAA re-alleges and incorporates paragraphs 1-133 of this Complaint as though fully set forth herein.

135. RKAA is entitled to a declaration by this Court that all the rights and interests incident to ownership in the Copyrighted Works and in the RKAA proprietary materials hereinbefore described were, at all times pertinent, and remain, vested solely and exclusively in RKAA.

136. RKAA is entitled, pursuant to 17 U.S.C. §§ 502 and 503, to injunctive relief in the form of an Order issued by this Court enjoining further infringements by the

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 N. 71ˢᵗ Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Defendants of RKAA's Copyrighted Works, and requiring the destruction of all copies of the Copyrighted Works in their possession, custody, and control.

**WHEREFORE,** Plaintiff prays for relief against Defendants as follows:

A. For an award of compensatory and consequential damages, along with all profits realized by Defendants in connection with their infringements of RKAA's copyrights, in amounts to be established at trial;

B. For an award of statutory damages pursuant to 17 U.S.C. § 504(a)(2) and (c)(2) in the amount of $150,000 for each willful infringement of RKAA's copyrights by Defendants;

C. For an award of treble the amount of RKAA's compensatory and consequential damages resulting from the Bosley Defendants' violations of RICO, pursuant to 18 U.S.C. § 1964(c);

D. For an award of treble the amount of RKAA's compensatory and consequential damages resulting from the Bosley Defendants' violations of the Arizona Anti-Racketeering Statute, pursuant to A.R.S. § 23-2314.04(A);

E. For a declaration confirming that all rights and incidents of ownership in the Copyrighted Works and RKAA's proprietary materials have been, and remain, exclusively vested in RKAA;

F. For a permanent injunction prohibiting Defendants from any further acts of infringement on the Copyrighted Works;

G. For an award of RKAA's costs and attorneys' fees pursuant to 17 U.S.C. § 505;

28

H. For an award of RKAA's costs and attorneys' fees pursuant to 18 U.S.C. § 1964(c);

I. For an award of RKAA's costs and attorneys' fees pursuant to A.R.S. § 13-2314.01(A);

J. For an award of pre-judgment interest and post-judgment interest, as provided by law, on all compensatory and consequential damages awarded;

K. For a declaration that The Bosley Group is the alter ego of Mr. Bosley; and

L. For such other and further relief as the Court may deem just and proper in the circumstances.

DATED this 26th day of October, 2011.

WALKER & PESKIND, PLLC

/s/ Richard K. Walker
Richard K. Walker, Esquire
SGA Corporate Center
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Attorneys for Plaintiff

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336