**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kubicek Architects & Associates Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Bruce C. Bosley and Joanne M. Bosley, Bosley Group Incorporated, Bashas' Incorporated,<br><br>　　　　　　Defendants. | No. CV 11-2112 PHX DGC<br><br>**ORDER** |

Defendants Bruce C. Bosley, Joanne M. Bosley, and The Bosley Group (collectively "Defendants") have moved for judgment on the pleadings for claims four through six. Doc. 36. The motion is fully briefed. Docs. 36, 38, 44. The parties have not requested oral argument.

**I.   Background.**

This is the fourth suit between the parties, including two in state court and another in federal court. Doc. 36 at 2. This action was commenced on October 27, 2011. Doc. 1. The complaint alleges the following facts, which are assumed true for purposes of this motion.

Mr. Bosley was formerly employed by Plaintiff and resigned on March 14, 2007. Doc. 1 ¶¶ 14, 20. After leaving, Mr. Bosley formed a new architectural firm called The Bosley Group ("TBG"). Doc. ¶¶ 27. Bashas' was Plaintiff's longtime client. Doc. 1 ¶ 22. Hours after Mr. Bosley's resignation, all Bashas' business followed Mr.

Bosley to TBG. Doc. 1 ¶¶ 26, 36-37.

At all relevant times, Plaintiff's architectural drawings and plans remained the exclusive property of Plaintiff. Doc. 1 ¶ 41-43, 48. Defendants knowingly and willfully infringed Plaintiff's copyrights and misappropriated proprietary material. Doc. 1 ¶ 52-53.

Plaintiff alleges seven counts: (1) direct infringement of copyright (2) contributory infringement of copyright; (3) vicarious liability for copyright violations; (4) violation of the Racketeering Influenced Corrupt Organizations (RICO) Act; (5) violations of Arizona's Anti-Racketeering Statute; and (6) alter ego.

## II.     Legal Standard.

A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving parties' pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, judgment under Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

The Court generally cannot consider evidence outside the pleadings unless the Court treats the motion as one for summary judgment under Rule 56, but the Court can take "judicial notice of undisputed matters of public record, including documents on file in federal or state courts," without converting the motion. *Harris v. County of Orange*, ---F.3d ---, 2012 WL 2060666, at *3 (9th Cir. June 8, 2012); *see also*, *Five Points Hotel Partnership v. Pinsonneault*, 835 F.Supp.2d 753, 757 (D. Ariz. 2011) (citing *Intri-Plex Tech., Inc. v. The Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss for failure to state a claim are functionally identical. *Dworkin v. Hustler*

*Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The same standard of review applies to both types of motions. *Id.* For purposes of the resolving this motion, the Court will treat defects in the pleadings as being challenged under Rule 12(b)(6) and will dismiss without prejudice because "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear…that the complaint could not be saved by amendment." *Harris*, 2012 WL 2060666, at *3 (per curiam) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (reviewing a 12(c) dismissal)).

**III.   Analysis.**

    **A.   Count 4 – Federal RICO Violations under 18 U.S.C. §§ 1961**, *et seq.*

        **1.   Mail/Wire Fraud Pled with 9(b) Specificity.**

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff correctly cites *Odom v. Microsoft Corp.*, 486 F.3d 541, 555 (9th Cir.), *cert. denied*, 128 S.Ct. 464 (2007), as the Ninth Circuit standard for wire fraud pleading requirements. *Odom* did not, however, eliminate the requirement of Rule 9(b) specificity. It merely held that forgetting the name of the Best Buy employee, taken with all the other details provided, was not a fatal deficiency. *Id.* at 554-55. Both wire and mail fraud must be pled with Rule 9(b) specificity. *See id.*; *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Here, Plaintiff has pled only "on information and belief" that Defendants sent or received materials through the mail and electronically. Doc. 1 ¶¶ 89, 91. Plaintiff fails to mention specific circumstances, content, or actors of the alleged fraud. The claims for mail and write fraud fail for lack of particularity.

        **2.   Copyright Infringement as Underlying Offense.**

While 18 U.S.C. § 1961(1)(B) includes in its list of predicate acts those that fall

1  under 18 U.S.C. § 2319, "relating to criminal copyright infringement," Defendants cite
2  persuasive authority that run-of-the-mill copyright infringement cannot serve as an
3  underlying offense. Doc. 36 at 8-9. Plaintiff cites no contrary authority. *See* Doc. 38.
4  Courts that have examined the legislative history surrounding Congress' addition of
5  copyright infringement to the list of predicates acts have held that Congress did not
6  intend to "expand RICO liability to all knowing copyright infringement." *Stewart v.*
7  *Wachowski*, No. CV 03-2873 MMM (VBK), 2005 WL 6184235, at *6 (C.D. Cal.
8  June 14, 2005). The district court in *Stewart* found "no published case in which § 2319
9  has been used to prosecute infringing activity other than piracy and counterfeiting." *Id.*
10 Here, there is no suggestion of piracy or counterfeiting. *See* Doc. 1. The Court finds the
11 analysis of the RICO Act and 18 U.S.C. § 2319 in *Stewart* to be persuasive, and therefore
12 holds that the acts of copyright infringement alleged in the complaint cannot serve as
13 predicate acts for a RICO violation.

14 Because the mail fraud, wire fraud, and copyright allegations are insufficient to
15 support a RICO claim, the Court will dismiss Count 4 without prejudice.

16      **B.**     **Count 5 – Arizona Anti-Racketeering Predicate Offenses.**
17            **1.**     **Theft.**

18 Defendants argue that any Arizona racketeering claim based on the predicate
19 offense of theft is barred by *res judicata*. In addressing this argument, the Court will take
20 judicial notice of Plaintiff's Amended Complaint from Maricopa Superior Court, on file
21 in federal court and referenced in the pleadings, as well as the amendments provided by
22 Plaintiff and Defendants. *See Mack v. South Bay Beer Distributors*, *Inc.*, 798 F.2d 1279,
23 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v.*
24 *Solimino*, 501 U.S. 104 (1991). These are all matters of public record, and neither party
25 has opposed the requests for judicial notice. *See* Docs. 36, 38, 44.

26 State law governs the application of *res judicata* arising from a state court
27 judgment. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990)*; Marrese v.*
28 *Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). The party seeking to

assert preclusion bears the burden of proving it.  *See State Compensation Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044, ¶14 (Ariz. Ct. App. 1999).

In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971).  A valid final judgment is conclusive as to every issue decided and every issue raised by the record that could have been decided. *Heinig v. Hudman*, 865 P.2d 110, 115 (Ariz. Ct. App. 1994); *accord Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (stating that "*res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action").  Identity of claims is determined by asking whether "different or additional facts will be required to establish them."  *E.C. Garcia & Co. v. Arizona State Dept. of Revenue*, 875 P.2d 169, 179 (Ariz. Ct. App. 1993) (citing *Rousselle v. Jewett*, 421 P.2d 529, 529 (Ariz. 1966); *see also*, *Beseder*, *Inc. v. Osten Art*, *Inc.*, No. CV 05-00031-PHX-NVW, 2006 WL 2730769, at *6-7 (D. Ariz. September 25, 2006); *Phoenix Newspapers*, *Inc. v. Department of Corrections*, *State of Arizona*, 934 P.2d 801, 804 (Ariz. Ct. App. 1997).

Defendants assert that Plaintiff's theft claim is precluded by the state court's dismissal with prejudice of all tort claims against them.  Docs. 36 at 14, 44 at 10. Plaintiff asserted a claim in state court for "Theft/Conversion" (Doc. 36 at 3 n.3), and does not claim that it was not fairly litigated (*see* Doc. 38 at 15).  There is no contention that the state court action did not result in a final judgment on the merits, nor does Plaintiff identify any new evidence that would be required to prove theft under the racketeering statute.  *See* Doc. 38 at 15.  Moreover, Defendants and Plaintiff clearly were parties to the state court action.

Plaintiff argues that the issue of copyright infringement was not raised during the state court litigation, suggesting that the theft allegation is simply a variation of copyright

infringement. If the claim is theft, it is barred by *res judicata*. If the claim is copyright infringement, it is fails because copyright violations are not listed in A.R.S. § 13-2301(D)(4) as acts that can constitute racketeering. *See Garvin v. Greenbank*, 856 F.2d 1392, 1396-97 (9th Cir. 1988) (citing *State ex rel. Corbin v. Pickrell*, 667 p.2d 1304, 1310 (Ariz. 1983)). Either way, theft as a predicate offense for the state racketeering claim fails.

### 2. Scheme or Artifice to Defraud.

Defendants assert that Plaintiff has not alleged facts to support the claim of participation in a "scheme or artifice to defraud" under A.R.S. § 13-2310. Doc. 36 at 14. Plaintiff does respond to this argument. *See* Doc. 38 at 14-16. Under A.R.S. § 13-2310(A), Plaintiff must allege that Defendants, "pursuant to a scheme or artifice to defraud, knowingly [obtained] any benefit by means of false or fraudulent pretenses, representations, promises or material omissions." Plaintiff's complaint does not include such allegations, and contains no allegations of misrepresentations or material omissions. Doc. 1 ¶¶ 111, 115; s*ee State v. Haas*, 675 P.2d 673, 682-83 (Ariz. 1983); *Ness v. Western Security Life Insurance Co.*, 851 P.2d 122, 128-29 (Ariz. Ct. App. 1992).

### 3. Criminal Syndicate.

Defendants similarly attack Plaintiff's claim for participation in a criminal syndicate. Doc. 36 at 15. Plaintiff responds that paragraphs 112 and 113 in its complaint satisfy the pleading standards. Doc. 38 at 16. The Arizona Anti-Racketeering Statute defines a criminal syndicate as "any combination of persons or enterprises engaging . . . in conduct that violates any one or more provision of a felony statute of this state." A.R.S. § 13-2301(C)(7). The only unlawful act Plaintiff alleges is copyright infringement, which is not a felony under Arizona law because it is preempted by federal law. *See* 17 U.S.C. § 301; *Fairway Constructors*, *Inc. v. Ahern*, 970 P.2d 954, 956-57 (Ariz. Ct. App. 1998) (state misappropriation claims preempted). Because no action constituting a felony under state law is alleged, the Court finds that the criminal syndicate claim also fails.

**4.     Conclusion.**

Because the theft, scheme or artifice to defraud, and criminal syndicate allegations are insufficient to support a state racketeering claim, the Court will dismiss Count 5 without prejudice.

**C.     Count 6 – Alter Ego.**

Generally, "the corporate form serves as a shield for the individuals involved for the purposes of liability," but "may be ignored in cases in which the corporation is the agent or alter ego of the individual defendant, or where there is an identity of interests between the corporation and the individuals." *Davis v. Metro Productions*, *Inc.*, 885 F.2d 515, 520-21 (9th Cir. 1989) (citations omitted). "To pierce the corporate veil or demonstrate alter-ego status, a 'plaintiff . . . must prove both (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice.'" *Thompson v. Streetsmarts*, *Inc.*, No. CV–10–1885–PHX–LOA, 2011 WL 2600744, at *10 (D. Ariz. June 30, 2011) (quoting *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (Ariz. 1991)).

Defendants assert that Plaintiff's alter ego claim should be dismissed because the complaint contains only legal conclusions without facts to provide a plausible cause of action. Doc. 36 at 16. The Court agrees. Plaintiff has pled only conclusory legal statements including that "[t]here is such unity of interest and ownership of [TBG] by Mr. Bosley that the separate identities . . . never existed, making [TBG] the alter ego of Mr. Bosley and that "[o]bservance of the corporate form with respect to [TBG] would . . . sanction a fraud and/or promote injustice." Doc. 1 ¶ 130-31. The complaint contains no facts showing a unity of control between the individual and the corporate form, or what type of fraud would be sanctioned by failing to pierce the corporate veil. *See, Marlyn Nutraceauticals, Inc. v. Improvita Health Products*, 663 F.Supp.2d 841, 846 (D. Ariz. 2009). Plaintiff's contention that Mr. Bosley's alleged activities in the course of his business dealings may open him up to individual liability is accurate, but his involvement does not provide a basis for piecing the corporate veil absent allegations as to how TBG

is an alter ego and how recognizing the corporate entity would work a fraud.  Doc. 38 at 17 (citing *Thompson v. Streetsmarts*, *Inc.*, CV–10–1885–PHX–LOA, 2011 WL 2600744, at *10 (D. Ariz. June 30, 2011)).  Count 6 will be dismissed without prejudice.

**IV.	Request for Attorneys' Fees.**

Defendants' motion seeks an award of attorneys' fees.  The request is premature.  The Court will address attorneys' fees after this case is resolved.

**IT IS ORDERED** that Defendants' motion for partial judgment on the pleadings (Doc. 36) is **granted.**  Count 4 as based wire or mail fraud is dismissed without prejudice, but as based on copyright infringement is dismissed with prejudice.  Count 5 as based on theft is dismissed with prejudice, but otherwise is dismissed without prejudice.  Count 6 is dismissed without prejudice.  Defendants' request for fees is **denied** without prejudice.

Dated this 1st day of August, 2012.

David G. Campbell
United States District Judge