**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kubicek Architects & Associates Incorporated, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>Bruce C. Bosley, et al.,<br><br>Defendants. | No. CV11-2112 PHX DGC<br><br>**ORDER** |

Plaintiff previously filed a motion in limine seeking to exclude documents 1, 5-12, and 14 from the list of documents included in Defendants' January 9, 2013 exhibit letter. Doc. 102. The Court addressed the motion at the final pretrial conference in this case and deferred ruling until after Defendants had made a further filing. Doc. 121. Defendants have made the filing (Doc. 124), and the Court held a telephone conference with the parties on March 13, 2013. The Court will grant Plaintiff's motion in limine.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants admit that they did not disclose the contested documents in their initial disclosure statement under Rule 26(a)(1)(A)(ii), nor did they disclose the documents in any supplemental disclosure statement. Rather, Defendants disclosed the documents for the first time on August 27, 2012, one month after the close of fact discovery in this case. Doc. 109-1 at 3-4.

Defendants argue that their failure to disclose the documents was harmless.  With respect to documents 8, 9, 11, 12, and 14, Defendants assert that the documents were disclosed to Plaintiff by a co-defendant (Daniel E. Scott) in state court litigation between the parties.  Defendants attach a copy of the Scott disclosure statement provided to Plaintiff in 2008.  Doc. 124 at 5.

The Court concludes that disclosure by a co-defendant in a previous state court case does not render the failure to disclose in this case harmless.  Rule 26(a)(1)(A)(ii) requires a party to identify documents that it may use to support its claims or defenses.  The obvious purpose of the rule is to enable the opposing party to prepare to meet the disclosed documents at trial.  A co-defendant's disclosure of the same documents in a separate state court case did not achieve this purpose – it said nothing about whether Defendants in this case intended to use such documents to support their defenses.  Defendants' disclosure statement in this case referenced "[a]ny and all discovery, disclosures, court filings, depositions, trial transcripts used in Maricopa County Superior Court Action No. CV2007-008748."  Doc. 102 at 2.  This generalized statement provided Plaintiff with no information about the specific documents Defendants would use in this case.  Without such information, Plaintiff was unable to prepare for the potential use of the documents at trial and the failure to disclose was not harmless.

Defendants argue that the documents identified in their January 9, 2013 exhibit letter consist of Plaintiff's own documents.  Because Plaintiff has possession of the documents, Defendants argue, Plaintiff is not prejudiced by Defendants' failure to disclose them.  This argument misapprehends the purpose of Rule 26(a)(1)(A)(ii).  It is not merely to apprise the opposing party of the existence of documents; it is to tell the opposing party which documents may be used at trial.  The fact that a party has documents in its possession does nothing to inform that party that the opposing party may use them at trial.  Thus, the fact that the documents may have been in Plaintiff's possession does not eliminate any harm resulting from non-disclosure.  Plaintiff was unable to anticipate the use of such documents and prepare for that use during discovery.

*See Johnson v. United Parcel Serv., Inc.*, 236 F.R.D. 376, 378 (E.D. Tenn. 2006) ("Defendant is correct in its argument [that] it is not required to sift through every document in its possession that might possibly be relevant to Plaintiffs' claims and assume they all will be presented at trial[.]  Rule 26 puts the burden on the party intending to present a document to notify the other party of its intent to do so.").

Nor can the Court conclude that Defendants' failure to disclose the documents in this case was substantially justified.  Defendants were aware of the documents from the state court litigation.  Indeed, the disclosures made by co-defendant Scott in the state court litigation were made by the attorneys who now represent Defendants in this case. *See* Doc. 124 at 5.  Defendants had ample opportunity between the state court litigation in 2008 and the disclosures in this case, which were first required in January of 2012, to assemble and identify the documents that would be used to support their defense at trial. The fact that Defendants waited more than eight months – and one month after the close of discovery – to make such disclosures is not substantially justified.

Finally, Defendants argue that they should be permitted to use the documents at trial for impeachment purposes, in which event disclosure was not required under Rule 26(a)(1)(A)(ii).  The Court does not agree.  A document used "solely for impeachment" within the meaning of the rule is a document which has value solely for the purpose of impeaching a witness.  If the document has independent relevancy to the merits of the case, the document is not "solely for impeachment" and must be disclosed to opposing counsel.  *See Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (impeachment evidence which is in part substantive did not fall within the "solely for impeachment" exceptions of Rule 26(a)); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (undisclosed witnesses possessing substantive knowledge of the party's defenses were not "solely for impeachment" and should have been included in party's Rule 26(a) mandatory pretrial disclosures).

**IT IS ORDERED** that Plaintiff's motion in limine (Doc. 102) is **granted**. Defendants may not use at trial the documents identified in their January 9, 2013 letter as

documents 1, 5-12, and 14.

Dated this 13th day of March, 2013.

_____
David G. Campbell
United States District Judge